2018R01313/NKP

**FILED**

**NOV 3 0 2022**

AT 8:30 _____ 12:10 M
WILLIAM T. WALSH
CLERK SPC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| | : | Crim. No. 22- 801 (KSH) |
| v. | : | |
| | : | |
| | : | 21 U.S.C. § 841(a) |
| LILIAN O. OKEREKE | : | 18 U.S.C. § 2 |
| | : | |

**I N D I C T M E N T**

The Grand Jury in and for the District of New Jersey, sitting at Newark,

charges:

**COUNTS 1 – 3**
**(Unlawful Distribution of Controlled Substances)**

1.      Unless otherwise indicated, at all times relevant to this Indictment:

**The Defendant and Relevant Individuals**

a.      Defendant LILIAN O. OKEREKE ("OKEREKE") was a resident

of New Jersey and was an advanced practice nurse licensed by the State of New

Jersey.

b.      OKEREKE    maintained    a    U.S.    Drug    Enforcement

Administration ("DEA") registration number in New Jersey, which allowed her to

issue prescriptions for Schedule II through Schedule V controlled substances so

long as they were in the usual course of professional practice and for a legitimate

medical purpose.

c.      Between approximately 2013 and 2021, OKEREKE worked at Clinic 1 and Clinic 2, medical practices in New Jersey that purported to provide pain management services.

d.      Individual 1 and Individual 2, persons not charged in this Indictment, were medical assistants at Clinic 1 and Clinic 2.

e.      Patient 1 and Patient 2 were both patients of Clinic 1 and Clinic 2.

### The Controlled Substances Act

f.      The Controlled Substances Act ("CSA"), codified in Title 21 of the United States Code, and its promulgating regulations, classified drugs into five schedules depending on a drug's acceptable medical use and its potential for abuse and dependency.

g.      Schedule I controlled substances, such as heroin, did not have an acceptable medical use, while Schedule II through Schedule V controlled substances did.

h.      Schedule II controlled substances, such as oxycodone and branded drugs containing oxycodone (such as Percocet and Endocet), had a high potential for abuse, and abuse of such a drug or other substance could lead to severe psychological or physical dependence.

i.      The CSA authorized Schedule II through Schedule V controlled substances to be dispensed to individuals by a valid prescription. 21 U.S.C. § 829.

2

j.       Chapter 21, Code of Federal Regulations, Section 1306.04 governed the issuance of prescriptions and provided, among other things, that a prescription for a controlled substance "must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice."

k.       Chapter 21, Code of Federal Regulations, Section 1306.04 further provided that "[a]n order purporting to be a prescription issued not in the usual course of professional treatment . . . is not a prescription within the meaning and intent of [the CSA] and the person knowingly filling such a purported prescription, as well as the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances."

## **Manner and Means**

2.       The manner and means by which OKEREKE violated the CSA included, among other things, the following:

a.       OKEREKE issued electronic prescriptions for controlled substances, including opioids such as oxycodone, to patients in the United States while OKEREKE was outside the United States.

b.       OKEREKE issued such prescriptions without interacting or communicating with the patients who received them on or about the dates of the prescriptions when OKEREKE was outside the United States.

c.       OKEREKE issued such prescriptions to new patients without taking a thorough medical history.

3

      d.     OKEREKE issued such prescriptions to new patients without conducting a physical examination.

      e.     OKEREKE issued such prescriptions to new patients without accessing relevant prescription monitoring information.

      f.     OKEREKE issued such prescriptions to new patients without developing a treatment plan.

      g.     OKEREKE issued such prescriptions to new patients without discussing with them possible alternative treatments and the risks associated with the medication.

      h.     OKEREKE issued such prescriptions to established patients without assessing them to determine whether they were experiencing problems associated with physical and psychological dependence.

      i.     OKEREKE issued such prescriptions after other individuals (hereinafter, the "Medical Assistants"), including Individual 1 and Individual 2, prepared them for OKEREKE's issuance using electronic prescribing software while OKEREKE was outside the United States.

      j.     The Medical Assistants, at times, sent OKEREKE lists of patients who were reporting pain and seeking prescriptions. The Medical Assistants, at times, asked OKEREKE what prescriptions to prepare for OKEREKE's issuance.

      k.     OKEREKE, at times, instructed the Medical Assistants what prescriptions to prepare for OKEREKE's issuance.

4

l.      OKEREKE instructed Individual 2 to prepare lower dosed opioid prescriptions because pharmacies might "give [patients] stress."

3.      On or about the dates set forth below, in the District of New Jersey, and elsewhere, defendant

**LILIAN O. OKEREKE**

did knowingly and intentionally distribute and dispense, outside the usual course of professional practice and not for a legitimate medical purpose, mixtures and substances containing detectable amounts of a Schedule II controlled substance, each of which constitutes a separate count as follows:

| Count | Approximate Date of Distribution | Recipient | Controlled Substance | Schedule |
|-------|----------------------------------|-----------|----------------------|----------|
| 1 | December 27, 2019 | Patient 1 | Oxycodone | Schedule II |
| 2 | December 30, 2019 | Patient 2 | Oxycodone | Schedule II |
| 3 | January 10, 2020 | Patient 1 | Oxycodone | Schedule II |

In violation of Title 21, United States Code, Sections 841(a)(l) and (b)(l)(C) and Title 18, United States Code, Section 2.

## COUNT 4
### (Unlawful Distribution of Controlled Substances)

4.     Subparagraphs a and b of Paragraph 1 are realleged here.

### Manner and Means

5.     The manner and means by which OKEREKE violated the CSA included, among other things, the following:

a.     Individual 3, a person not charged in this Indictment, received prescriptions for controlled substances issued by OKEREKE written to Individual 3's relatives.

b.     OKEREKE issued such prescriptions to Individual 3 without taking a thorough medical history of Individual 3's relatives.

c.     OKEREKE issued such prescriptions to Individual 3 without conducting physical examinations of Individual 3's relatives.

d.     OKEREKE issued such prescriptions to Individual 3 without accessing relevant prescription monitoring information for Individual 3's relatives.

e.     OKEREKE issued such prescriptions to Individual 3 without developing a treatment plan for Individual 3's relatives.

f.     OKEREKE issued such prescriptions to Individual 3 without preparing patient records for Individual 3's relatives.

g.     OKEREKE issued such prescriptions to Individual 3 without discussing with Individual 3's relatives possible alternative treatments and the risks associated with the medication.

6

      h.     OKEREKE issued such prescriptions to Individual 3 without assessing Individual 3's relatives to determine whether they were experiencing problems associated with physical and psychological dependence.

      6.     On or about December 5, 2019, in the District of New Jersey, and elsewhere, defendant

**LILIAN O. OKEREKE**

did knowingly and intentionally distribute and dispense, outside the usual course of professional practice and not for a legitimate medical purpose, mixtures and substances containing detectable amounts of a Schedule II controlled substance, to Individual 3.

      In violation of Title 21, United States Code, Sections 841(a)(l) and (b)(l)(C) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853

7.     The allegations contained in Counts 1 through 4 of this Indictment
are realleged here for the purpose of alleging forfeiture pursuant to Title 21,
United States Code, Section 853.

8.     As a result of committing controlled substance offenses as charged
in Counts 1 through 4 of this Indictment, defendant

### LILIAN O. OKEREKE

shall forfeit to the United States of America, pursuant to 21 U.S.C. § 853, any
property constituting, or derived from, any proceeds obtained, directly or
indirectly, as the result of such violation, and any and all property used or
intended to be used in any manner or part to commit and to facilitate the
commission of the violations alleged in this Indictment.

9.     If any of the above-described forfeitable property, as a result of any
act or omission of the defendant:

     a.     cannot be located upon the exercise of due diligence;

     b.     has been transferred or sold to, or deposited with, a third
person;

     c.     has been placed beyond the jurisdiction of the Court;

     d.     has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be
subdivided without difficulty,

8

   f.  the United States of America shall be entitled to forfeiture of

substitute property pursuant to Title 21, United States Code, Section 853(p).

A True Bill,

Foreperson

PHILIP R. SELLINGER
United States Attorney

GLENN S. LEON
Chief
Criminal Division, Fraud Section


DEBRA JAROSLAWICZ
Acting Assistant Chief
Criminal Division, Fraud Section


NICHOLAS K. PEONE
PAUL J. KOOB
Trial Attorneys
Criminal Division, Fraud Section

9

**CASE NUMBER:** ___22-801(KSH)_____

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

### UNITED STATES OF AMERICA

### v.

### LILLIAN O. OKEREKE

# INDICTMENT FOR

### 21 U.S.C. § 841(a)

A true bill,

_____
Foreperson

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

NICHOLAS K. PEONE
PAUL J. KOOB
TRIAL ATTORNEYS
(202) 6923-7818